```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Nichole T. Wilkins and
Estate of Beverly L. Mulcahey

    v.                                      Civil No. 17-cv-744-JL
                                                    Opinion No. 2018 DNH 043

Rymes Heating Oils, Inc. and
Rymes Energy Holdings, LLC


**MEMORANDUM ORDER**

    Whether this court retains the plaintiffs' action or refers it to the Bankruptcy Court turns on whether that court has jurisdiction to resolve the plaintiffs' successor liability claims. In this case, it does.

    Plaintiffs Nichole T. Wilkins and Beverly L. Mulcahey,[1] sued Fred Fuller Oil & Propane Co., Inc. ("FFOP") and its president, Fred J. Fuller, for discrimination, a hostile work environment, assault, and retaliation arising from events that occurred during the plaintiffs' employment with FFOP.[2] On the eve of trial, FFOP filed for bankruptcy protection.[3] Two weeks later,

---

[1] Mulcahey is represented in this action by her estate as administered by her husband, Raymond Mulcahey. Compl. (doc. no. 1-1) ¶ 3.

[2] Compl. (doc. no. 1-1) ¶¶ 8-13. Specifically, the plaintiffs sued Fuller in his individual capacity and joined as intervenors the Equal Employment Opportunity Commission's action against FFOP. Compl. (doc. no. 1-1) ¶¶ 9-13.

[3] Id. ¶ 14.

defendant Rymes Heating Oils, Inc. purchased FFOP's assets in a sale approved by the Bankruptcy Court (Deasy, B.J.).[4] Though plaintiffs' counsel was present at the hearing held in connection with the sale, they lodged no objection to the sale itself. The plaintiffs settled their claims against FFOP after the sale.[5] Upon discovering that FFOP may be unable to pay the $3.7 million settlement (which was also approved by the Bankruptcy Court), they now seek to recover their damages from the Rymes defendants under a theory of successor liability.

For the reasons discussed infra, this court has jurisdiction over the plaintiffs' claims pursuant to 28 U.S.C. § 1334 (bankruptcy).[6] Rymes moves this court to refer this

---

[4] Id. ¶ 15; see also Mot. to Refer Ex. A (doc. no. 4-1) ("Sale Order"). The defendants contend that defendant Rymes Energy Holdings, LLC is not properly a defendant because it was not party to that sale. See Mem. in Supp. of Mot. to Dismiss (doc. no. 6-1) at 7-8. Because this distinction is not relevant to resolution of the defendants' motion to refer the action to the Bankruptcy Court, the court refers to the defendants collectively as "Rymes."

[5] Compl. (doc. no. 1-1) ¶ 31.

[6] This case originated in Merrimack County Superior Court. The defendants removed it to this court, citing its federal question and bankruptcy jurisdiction. See Notice of Removal (doc. no. 1) ¶ 5. The plaintiffs filed a "Partial Objection to Defendants' Notice of Removal," disputing this court's jurisdiction under 28 U.S.C. § 1334 for the reasons described infra, but conceding this court's jurisdiction under § 1331 over plaintiffs' claims arising under Title VII of the Civil Rights Act of 1964. See Obj. to Notice of Removal (doc. no. 12). Although, as also discussed infra, the claims in this case do not arise under Title VII, the court is satisfied of its jurisdiction under

action to the Bankruptcy Court for this District. In doing so, it invokes both the Bankruptcy Court's statutory authority as well as its retention in the Sale Order of jurisdiction to interpret the terms and provisions of that order, which appears to provide that Rymes purchased FFOP's assets free and clear of claims such as the plaintiffs'.[7] The plaintiffs object on the grounds that, under the standard set by the First Circuit Court of Appeals in Gupta v. Quincy Med. Center, 858 F.3d 657 (1st Cir. 2017), the Bankruptcy Court lacks jurisdiction to adjudicate this dispute because it arises under Title VII. Concluding that the Bankruptcy Court has jurisdiction to determine whether Rymes acquired FFOP's assets free and clear of the plaintiffs' claims, because that dispute "arises in" or "arises under" the Bankruptcy Code, the court grants Rymes's motion to refer the case to that court.

"[J]urisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." Gupta, 858 F.3d at 661 (quoting Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995)). District courts have jurisdiction over

---

§ 1334 and thus need not also find federal question jurisdiction under § 1331.

[7] As the plaintiffs point out, Rymes's motion is less than robust, and would have benefitted from a supporting memorandum, or at least from addressing the relevant precedential authority and its application to the facts of this case.

3

"any or all cases under title 11," 28 U.S.C. § 1334(a), and "proceedings arising under title 11, or arising in or related to cases under title 11," id. § 1334(b). See also Gupta, 858 F.3d at 661. In turn, district courts may, as this District has, see LR 77.4(a), refer to the bankruptcy courts of the district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11," 28 U.S.C. § 157(a). Under this statutory regime, therefore, "in order for [Rymes's] claims to fall within 28 U.S.C. § 1334's statutory grant of jurisdiction, the claims must 'arise under,' 'arise in,' or 'relate to' a case under title 11." Gupta, 858 F.3d at 662.

"[P]roceedings 'aris[e] under title 11' when the Bankruptcy Code itself creates the cause of action." Id. "Arising in" proceedings are defined "generally as 'those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy,'" such as "administrative matters, orders to turn over property of the estate, and determinations of the validity, extent, or priority of liens." Id. at 662-63 (quoting Middlesex Power Equip. & Marine, Inc. v. Town of Tyngsborough, Mass. (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 68 (1st Cir. 2002)). "By contrast, 'related to' proceedings are those 'which potentially have some effect on the bankruptcy estate, such as

altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'" Id. at 663 (quoting In re Middlesex Power Equip. & Marine, 292 F.3d at 68).

Rymes argues that it purchased FFOP's assets free and clear of any claims against FFOP, including the plaintiffs' claims, under several of the Sale Order's provisions,[8] rendering interpretation of those provisions integral to resolution of the plaintiffs' successor liability claims. As it points out, through the Sale Order, the Bankruptcy Court retained jurisdiction during the pendency of the bankruptcy action to,

---

[8] E.g., Sale Order (doc. no. 4-1) ¶ 4 ("All persons holding Liens or Claims of any kind against the Debtor or the Purchased Assets, including, without limitation, any federal, state, local governmental agency, department or instrumentality, are hereby forever barred, estopped, restrained and permanently enjoined from asserting such Liens or Claims against the Buyer, its successors or assigns or the Purchased Assets or Sprague. The Buyer is not a successor to the Debtor or its estate by reason of any theory of law or equity and the Buyer shall not assume or in any way be responsible for any liability, obligation, commitment or responsibility of the Debtor and/or estate, or any debts, liabilities, responsibilities or commitments in any way relating to the Purchased Assets or the Debtor's use of the Purchased Assets prior to the Closing, except as otherwise expressly provided in the Asset Purchase Agreement."); id. ¶ 15 ("Neither the purchase of the Purchased Assets by the Buyer nor the subsequent operation by the Buyer of any business previously operated by the Debtor shall cause the Buyer to be deemed a successor in any respect to the Debtor's business within the meaning of any law, rule or regulation, including but not limited to any revenue, pension, ERISA, tax, labor or environmental law, rule or regulation or under any products liability law with respect to the Debtor's liability.").

among other things, "[i]nterpret, implement and enforce the terms and provisions of" the agreement, "[r]esolve any disputes arising under or relating to" the agreement, and "[a]djudicate any disputes concerning (asserted) pre-Closing Liens or Claims on, and the proceeds of the sale of, the Assets . . . ."[9] The Bankruptcy Court, however, "may not 'retain' jurisdiction it never had -— i.e., over matters that do not fall within § 1334's statutory grant." Gupta, 858 F.3d at 664. Thus, for the Bankruptcy Court's retention of jurisdiction in the Sale Order to operate, the underlying claim must satisfy the jurisdictional criteria -- that is, it must "arise under," "arise in," or "relate to" a case under Title 11. Id.

The underlying claim here does so. It is not, as the plaintiffs propose, a claim "in the nature of personal injury or tort claims," arising under Title VII.[10] Liability for the plaintiffs' Title VII claims against FFOP and the amount of damages owed them has been resolved through the plaintiffs' and FFOP's settlement of those claims. In light of that settlement, the only claim at issue here is whether Rymes may be held to account for the settlement as FFOP's alleged successor. And the First Circuit Court of Appeals has unequivocally determined that

---

[9] Id. ¶ 26.

[10] Obj. (doc. no. 10) ¶¶ 8, 11

6

when "[t]he underlying dispute . . . involves a subsequent purchaser's interpretation of a sale order 'free and clear of liens' under 11 U.S.C. § 363(b), an order that can only be issued by a bankruptcy court, . . . it is one that arises in a case under title 11 or perhaps arises under title 11." In re Middlesex Power Equip. & Marine, 292 F.3d at 68. It reaffirmed that conclusion in Gupta, describing its holding in In re Middlesex Power Equip. & Marine as, "inter alia, that a bankruptcy court had 'arising under' or 'arising in' jurisdiction to decide the scope of a sale order provision authorizing certain assets to be sold 'free and clear of liens.'" 858 F.3d at 665.

The plaintiffs' claims turn on whether the defendants may be held liable as FFOP's successors. That, in turn, depends on the terms of the Sale Order. The Bankruptcy Court has jurisdiction to interpret those terms and determine whether the defendants may be held so liable. The court therefore GRANTS the defendants' motion to refer.[11]

---

[11] Doc. no. 4. The defendants have also filed a motion to dismiss the plaintiffs' complaint, invoking the free-and-clear provision of the Sale Order. See Mot. to Dismiss (doc. no. 6). Were that motion premised simply on the plaintiffs' alleged failure to state a claim for relief under the law of successor liability, this court may have resolved that motion directly rather than referring the case to the Bankruptcy Court. See Gupta, 858 F.3d at 662 n.4 (the district court has some discretion "whether to refer or not to refer cases and proceedings to the bankruptcy courts"). In this case, however,

**SO ORDERED.**

_/s/ Joseph Laplante_
Joseph N. Laplante
United States District Judge

Dated:     March 7, 2018

cc:   Leslie H. Johnson, Esq.
      Christopher M. Candon, Esq.
      Courtney H.G. Herz, Esq.

---

the Bankruptcy Court is best positioned to interpret the language of its Sale Order.